IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**CASSIUS BROWN and LINDA BROWN**
  **Plaintiffs**

V.                                    CIVIL ACTION NO. *A2401-2020-149*

**MEGABUS SOUTHEAST, LLC A**
**COACH USA CO. and MAURICE J.**
**BAILEY**
  **Defendants**

FILED: _____        **DEPUTY CLERK**

F I L E D

MAR 12 2020

CONNIE LADNER
CIRCUIT CLERK
BY _____ D.C.

**COMPLAINT FOR DAMAGES**
**JURY TRIAL REQUESTED**

COME NOW, Plaintiffs, Cassius Brown and Linda Brown, in the above styled and numbered cause, by and through their attorney of record, and files their Complaint against Defendants, Megabus Southeast, LLC a Coach USA Co. and Maurice J. Bailey, and in support of said claim for relief would show unto this Honorable Court the following facts:

I.

That Plaintiff, Cassius Brown is an adult resident citizen of Mississippi.

II.

That Plaintiff, Linda Brown is an adult resident citizen of Mississippi.

III.

That the Defendant, Megabus Southeast, LLC a Coach USA CO. (hereinafter "Megabus"), is a Delaware corporation, authorized to do business in the State of Mississippi, and may be served through its agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

**EXHIBIT 1**

IV.

That Defendant, Maurice J. Bailey is an adult resident citizen of Georgia and may be served via the Miss. Code Ann. § 13-3-57 (Mississippi Long-Arm Statute) with process at 2138 Silva Drive, Conley, GA 30288.

V.

On March 20, 2019, Plaintiff, Cassius Brown, was operating his 2013 Land Rover Evoque westbound on Interstate 10 in Gulfport, Mississippi.  His wife, Plaintiff Linda Brown, was a passenger in this vehicle.

VI.

Both the Brown vehicle and the bus owned and operated by Megabus and driven by Maurice J. Bailey were traveling westbound on Interstate 10.  The bus owned and operated by Megabus and driven by Maurice J. Bailey then sideswiped the Browns' vehicle causing Cassius Brown and Linda Brown to sustain injuries.

VII.

At the time of the above described incident, the vehicle Defendant, Maurice J. Bailey, was acting in the course and scope of his employment with Megabus.

VIII.

As a result of the above-described incident, Megabus and Maurice J. Bailey caused Cassius Brown and Linda Brown to suffer personal injuries. Cassius Brown and Linda Brown have experienced physical and mental pain and suffering and have undergone significant medical treatment.

IX.

Plaintiffs' injuries and damages were caused by the grossly negligent actions and/or inactions of Megabus and Maurice J. Bailey, who owed and breached several duties to Plaintiffs. These breached duties include, but are not limited to:

a.   Failing to maintain the vehicle under control;

b.   Failing to maintain a proper lookout;

c.   Failing to yield;

d.   Failing to apply brakes timely;

e.   Failing to be attentive to the surroundings;

f.   Failing to do any act by which to avoid the collision;

g.   Failing to observe existing traffic conditions;

h.   Failing to observe Plaintiffs' vehicle in due time in order to avoid hitting same;

i.   Failing to observe due caution;

j.   Driving recklessly;

l.   Striking Plaintiff's vehicle; and

m.   Any and all other acts of negligence, gross negligence, fault or imprudence which may be proven during the investigation of this matter, all of which are violations of the laws of Mississippi and applicable ordinances which are hereby specifically pleaded and adopted by reference as though set forth *in extensio*.

X.

Defendants are liable unto Plaintiffs jointly, severally and *in solido* for the damages that Cassius Brown and Linda Brown sustained as a result of the incident at issue.

XI.

Plaintiffs itemize the damages that they suffered or may suffer that were proximately caused by the above-described negligence and gross negligence of Defendants, as follows:

a.   Past physical pain, suffering, and discomfort;

b.   Past mental anguish, aggravation, and annoyance;

c.   Future physical pain, suffering, and discomfort;

d.   Future mental anguish, aggravation, and annoyance;

e.   Past and future medical expenses;

f.   Lost wages and/or earning capacity;

g.   Loss of enjoyment of life;

h.   Disability from engaging in recreation;

i.   Property damage, and

j.   All other damages that will be proven at the trial of this matter.

XII.

Plaintiffs further specifically plead that the doctrine of *res ipsa loquitur* in that the accident and injuries and damages would not have occurred in the absence of the negligence and/or grossly negligent acts of Defendants.

XIII.

Plaintiffs additionally specifically pleads the doctrine of *respondeat superior* regarding the Megabus and Maurice J. Bailey.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Cassius Brown and Linda Brown hereby sues and demands judgment of and from the Defendants, both jointly and severally,

in amount within the jurisdictional limits of this Honorable Court, together with pre- and post-judgment interest, punitive damages and costs.

**HUBER THOMAS & MARCELLE, LLP**

**CHARLES M. THOMAS, MS BAR NO. 104049**
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone: (504) 274-2500
Facsimile: (504) 910-0838
charlie@huberthomaslaw.com
**ATTORNEY FOR PLAINTIFF**

**PLEASE SERVE:**
**MEGABUS SOUTHEAST, LLC A COACH USA CO.**
through its registered agent
CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

**PLEASE SERVE THROUGH THE MISSISSIPPI LONG-ARM STATUTE**
**MAURICE J. BAILEY**
2138 Silva Drive
Conley, GA 30288.

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**CASSIUS BROWN and LINDA BROWN**
    **Plaintiffs**

        **V.**                    **CIVIL ACTION NO.** A2401-2020-149

**MEGABUS SOUTHEAST, LLC A**
**COACH USA CO. and MAURICE J.**
**BAILEY**
    **Defendants**

**FILED:** _____    **DEPUTY CLERK**

## SUMMONS

**TO:**  **MAURICE J. BAILEY**
      *Through the Mississippi Long Arm Statute*
      2138 Silva Drive
      Conley, GA 30288.

**Notice to Defendant, MAURICE J. BAILEY**:

This Complaint that is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written response to the Complaint to    Charles M. Thomas, Attorney for Plaintiff,  Huber  Thomas  &  Marcelle, 1100 Poydras Street, Suite 2200, New Orleans, LA  70163.  Your response must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time after served.

Issued under my hand and seal of this Court on this 12 day of March , 2020.

CIRCUIT CLERK HARRISON COUNTY MISSISSIPPI

By: _____
    Clerk, Harrison County Circuit Court

    CONNIE LADNER, CIRCUIT CLERK
    HARRISON COUNTY
    PO BOX 998
    GULFPORT, MS 39502

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**CASSIUS BROWN and LINDA BROWN**
    **Plaintiffs**

       **V.**               **CIVIL ACTION NO.** A2401-2020-149

**MEGABUS SOUTHEAST, LLC A**
**COACH USA CO. and MAURICE J.**
**BAILEY**
    **Defendants**

**FILED:** _____    **DEPUTY CLERK**

## SUMMONS

**TO:**  **MEGABUS SOUTHEAST, LLC A COACH USA CO.**
       through its registered agent
       CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, MS 39232

**Notice to Defendant, MEGABUS SOUTHEAST, LLC A COACH USA CO.:**

    This Complaint that is attached to this Summons is important and you must take immediate

action to protect your rights. You are required to mail or hand deliver a copy of a written response

to the Complaint to   Charles M. Thomas, Attorney for Plaintiff,  Huber Thomas & Marcelle,

1100 Poydras Street, Suite 2200, New Orleans, LA  70163.  Your response must be mailed or

delivered within 30 days from the date of delivery of this Summons and Complaint or a Judgment

by default will be entered against you for the money or other things demanded in the Complaint.

    You must also file the original of your response with the Clerk of this Court within a

reasonable time after served.

Issued under my hand and seal of this Court on this 12 day of March , 2020.

CIRCUIT CLERK HARRISON COUNTY MISSISSIPPI

By: _____

Clerk, Harrison County Circuit Court

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**CASSIUS BROWN AND LINDA BROWN**                              **PLAINTIFFS**

VS.                                              **CAUSE NO.: A2401-2020-149**

**MEGABUS SOUTHEAST, LLC A**
**COACH USA CO. AND MAURICE J.**
**BAILEY**                                                    **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, Megabus Southeast, LLC, by and through its counsel of record, Perrier & Lacoste, L.L.C., and files its Answer to the Complaint as follows:

### FIRST DEFENSE

In whole or in part, Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted, including, but not limited to, claims for punitive damages, and should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Without waiving the foregoing defense, Defendant responds to the allegations of Plaintiff's Complaint, paragraph-by-paragraph, as follows:

I.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph I.

II.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph II.

III.

Defendant denies it is a corporation. The remaining allegations of Paragraph III are admitted.

IV.

The allegations of Paragraph IV are not directed at this Defendant and, therefore, no response is required.

V.

The allegations of Paragraph V are admitted upon information and belief.

VI.

The allegations of Paragraph VI are denied.

VII.

The allegations of Paragraph VII are admitted.

VIII.

The allegations of Paragraph VIII are denied.

IX.

The allegations of Paragraph IX and its sub-parts a. through m. are denied.

X.

The allegations of Paragraph X are denied.

XI.

The allegations of Paragraph XI and its sub-parts a. through j. are denied.

XII.

The allegations of Paragraph XII are denied.

XIII.

The allegations of Paragraph XIII are legal conclusions which to not require a response from this Defendant.  To the extent that a response is required, Megabus admits that Bailey was acting in the course and scope of his employment with Megabus at the time of the subject incident.

In answer to the final unnumbered paragraph of the Complaint beginning with the words, "WHEREFORE, PREMISES CONSIDERED," Defendant denies that the Plaintiffs are entitled to recover any damages, costs, interest, or any other relief whatsoever.

### THIRD DEFENSE

The accident, if any, was not caused due to the fault and/or negligence of this Defendant, but rather, was caused due to the fault of Plaintiffs, which fault serves to bar and/or proportionately reduce Plaintiffs' recovery.

### FOURTH DEFENSE

The damages claimed by Plaintiffs, if any, are the result of pre-existing conditions and/or causes unrelated to the alleged accident made the subject of this litigation.

### FIFTH DEFENSE

Defendant pleads the failure of Plaintiffs to mitigate their damages as an affirmative defense.

### SIXTH DEFENSE

In the alternative, Defendant avers that it is entitled to a credit and/or set off for any amounts paid to or on behalf of Plaintiffs by Defendant, or by any other insurer or entity, and expressly pleads extinguishment of any obligation owed to Plaintiffs to the full extent of any such payments.

## SEVENTH DEFENSE

As an affirmative defense, Defendant pleads the provisions of Miss. Code Annotated §

11-1-60(2)(b) (Supp. 2008) and the statutory cap on non-economic damages contained therein.

## EIGHTH DEFENSE

Defendant pleads the doctrine of contributory or comparative negligence on the part of

Plaintiffs, which negligence should operate to bar or reduce any recovery by Plaintiffs.

## NINTH DEFENSE

Defendant asserts the apportionment provisions of Miss. Code Ann. § 85-5-7 (1972),

pursuant to which the fault of others who may have contributed to the accident and injuries

should be apportioned, whether or not they are presently parties to this litigation.

## TENTH DEFENSE

Defendant affirmatively pleads assumption of risk as an affirmative defense.

## ELEVENTH DEFENSE

Plaintiffs' claim for punitive damages under Mississippi law violates Defendant's rights

under the 5th, 6th, 8th, and 14th amendments of the United States Constitution, and Article 3,

Sections 14, 23, 26 and 28 of the Mississippi Constitution because, among other things:

1.     Mississippi's scheme for the award of punitive damages is so vague and indefinite

that it does not give Defendant fair notice of the kind of conduct that would subject it to

punishment or the severity of the penalty that this State may impose;

2.     The jury is not provided with standards of sufficient clarity, objectivity, and

uniformity for determining either the appropriateness or the appropriate amount of the punitive

damages awards;

4

3.      The jury is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

4.      The jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of Defendant's status as a limited liability company;

5.      An award of punitive damages is not subject to judicial review on the basis of objective and uniform standards;

6.      Plaintiffs' claim exceeds the legitimate interest of the State of Mississippi in punishing unlawful conduct and deterring its repetition;

7.      Plaintiffs' claim is grossly excessive in comparison to the civil or criminal penalties that could be imposed for comparable conduct;

8.      There is no basis to infer that a lesser deterrent would not adequately protect the interest of Mississippi residents;

9.      Plaintiffs' claim would impose an undue burden on interstate commerce; and,

10.     For all the reasons set forth in *State Farm v. Campbell,* and related United States Supreme Court cases.

## TWELFTH DEFENSE

An award of punitive damages in this case would amount to an excessive fine in violation of Article 3, Section 28 of the Mississippi Constitution.

## THIRTEENTH DEFENSE

An award of punitive damages in this case would violate Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution.

**FOURTEENTH DEFENSE**

Defendant avers that the injuries and damages allegedly sustained by Plaintiffs, which injuries and damages are specifically denied, were incurred by Plaintiffs as a result of a separate, intervening, and/or superseding event, and such separate, intervening, and/or superseding event will either serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiffs' recovery against Defendant should be appropriately reduced.

**FIFTEENTH DEFENSE**

Defendant reserves the right to amend this Answer setting forth additional affirmative defenses as discovery is ongoing and as the facts may later disclose and require.

WHEREFORE, PREMISES CONSIDERED, Defendant, Megabus Southeast, LLC, prays that this Answer to the Complaint be deemed good and sufficient and, after due proceedings be had, there be judgment herein in favor of Defendant and against Plaintiffs, dismissing Plaintiffs' suit, with prejudice, and at Plaintiffs' cost, and for such other relief that may be legal, just and equitable.

Respectfully submitted, this the 10th day of June 2020:

*PERRIER & LACOSTE, LLC*

*/s/ Charles C. Wimberly, III*
**CHARLES C. WIMBERLY, III (MSB #101375)**
**ERIC R. PRICE (MSB #102274)**
**MITCHELL D. MONSOUR, JR. (MSB #103826)**
2501 14th Street, Suite 205
Gulfport, MS 39501
Phone: 228-214-1250
Fax: 504-212-8825
Email: twimberly@perrierlacoste.com
      eprice@perrierlacoste.com
      mmonsour@perrierlacoste.com

**ATTORNEYS FOR DEFENDANT**

**MEGABUS SOUTHEAST, LLC**

## CERTIFICATE OF SERVICE

I, Charles C. Wimberly, III, attorney for Defendant, Megabus Southeast, LLC, hereby certify that the foregoing Answer has been filed via the MEC system which sent notification to all counsel of record this 10th day of June, 2020.

/s/ *Charles C. Wimberly, III*

7

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CASSIUS BROWN AND LINDA BROWN                         PLAINTIFFS

VS.                                    CAUSE NO.: A2401-2020-149

MEGABUS SOUTHEAST, LLC A
COACH USA CO. AND MAURICE J.
BAILEY                                                 DEFENDANTS

NOTICE OF SERVICE OF DISCOVERY

COMES NOW, Charles C. Wimberly, III, attorney for Megabus Southeast, LLC,
Defendant in the above styled and numbered cause, who hereby gives notice to the Court that the
following discovery pleadings were heretofore sent to Plaintiff's counsel via e-mail transmission
on the 10th day of June, 2020.

(1)    Defendant's First Requests for Admission to Plaintiffs

Notice is hereby given that the originals of these pleadings are being retained in our files.

Respectfully submitted, this the 10th day of June 2020:

PERRIER & LACOSTE, LLC

/s/ Charles C. Wimberly, III
CHARLES C. WIMBERLY, III (MSB #101375)
ERIC R. PRICE (MSB #102274)
MITCHELL D. MONSOUR, JR. (MSB #103826)
2501 14th Street, Suite 205
Gulfport, MS 39501
Phone: 228-214-1250
Fax: 504-212-8825
Email:  twimberly@perrierlacoste.com
        eprice@perrierlacoste.com
        mmonsour@perrierlacoste.com

ATTORNEYS FOR DEFENDANT
MEGABUS SOUTHEAST, LLC

1

**CERTIFICATE OF SERVICE**

I, Charles C. Wimberly, III, attorney for Defendant, Megabus Southeast, LLC, hereby certify that the foregoing Notice of Service of Discovery has been filed via the MEC system which sent notification to all counsel of record this 10th day of June, 2020.

/s/ Charles C. Wimberly, III

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**CASSIUS BROWN AND LINDA BROWN**
    **Plaintiff**

        **V.**                      **CIVIL ACTION NO. A2401-2020-149**

**MEGABUS SOUTHEAST, LLC A**
**COACH USA CO. AND MAURICE J.**
**BAILEY**
    **Defendant**

## NOTICE OF SERVICE

TO:    CHARLES C. WIMBERLY, III
       PERRIER & LACOSTE, LLC
       2501 14th Street, Suite 205
       Gulfport, Mississippi 39501
       *Attorney for Defendant, Megabus Southeast, LLC*

Notice is hereby given, pursuant to Uniform Local Rule 6(e)(2), that Plaintiff in the above styled and numbered cause has this date served in the above entitled action:

    1.  Plaintiff's Reponses to Request for Admissions.

The undersigned retains the original(s) and the above paper(s) as custodian thereof pursuant to Uniform Local Rule 6(e)(2).

This 4th day of August, 2020.

                            Respectfully submitted,

                            **HUBER THOMAS & MARCELLE, LLP**

                            **CHARLES M. THOMAS, MS BAR NO. 104049**
                            1100 Poydras Street, Suite 2200
                            New Orleans, LA 70163
                            Telephone: (504) 274-2500
                            Facsimile:  (504) 910-0838
                            charlie@huberthomaslaw.com
                            **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE

I, CHARLES M. THOMAS, of the law firm of Huber Thomas & Marcelle, LLP, do hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the above and foregoing Responses to Request for Admissions to:

CHARLES C. WIMBERLY, III (MSB NO. 101375)
ERIC R. PRICE (MSB NO. 102274)
MITCHELL D. MONSOUR, JR. (MSB NO. 103826)
PERRIER & LACOSTE, LLC
2501 14th Street, Suite 205
Gulfport, Mississippi 39501
Telephone:     228-214-1250
Facsimile:     228-212-8825
Email:  twimberly@perrierlacoste.com
          eprice@perrierlacoste.com
          mmonsour@perrierlacoste.com
*Attorney for Defendant, Megabus Southeast, LLC*

This 4th day of August, 2020.

**CHARLES M. THOMAS, MS BAR NO. 104049**